**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **Jennifer Lengerich,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No.: 1:20-cv-2274** |
| ) | |
| **Radius Global Solutions, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Jennifer Lengerich, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Radius Global Solutions, LLC, (hereinafter referred to as "Defendant"), is a debt collection agency operating from an address at 7831 Glenroy Road, Suite #250, Edina, MN 55439.

14. The Defendant is a debt collection agency; and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requested that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. Prior to September 3, 2019, Ms. Lengerich purchased an automobile, but unfortunately, due to circumstances beyond her control, Ms. Lengerich was unable to maintain the payments and the vehicle was repossessed.

26. At some point, the debt was transferred to Defendant for collection.

27. The FDCPA requires a debt collector to send written notice to a consumer within five days of the first contact with the consumer.  This notice mandates that the debt collector disclose "the name of the creditor to whom the debt is owed."  15 U.S.C. §1692g(a)(2). *See also* Janetos v. Fulton Friedman & Gullace, LLP, 825 F.3d 317 (7th Cir. 2016).

28. On September 3, 2019, Defendant sent a dunning letter to Plaintiff in an attempt to collect Plaintiff's former automobile loan.  *A copy of the letter is attached hereto as Exhibit "2".*

29. The dunning letter identifies the creditor for the debt at issue in this matter as "Ally Financial".  However, Ally Financial is not the owner of the debt at issue in this matter. This debt was subject to securitization so the debt is owned by a trust.  Securitization is the financial practice of pooling various types of contractual debt such as residential mortgages, commercial mortgages, auto loans or credit card debt obligations and selling their related cash flows to third party investors as securities, which may be described as bonds, pass-through securities, or collateralized debt obligations.  *See* *https://www.britannica.com/topic/securitization*

30. According to documentation filed with the Securities and Exchange Commission by Ally Master Owner Trust, Ally Financial is not the owner of the debt at issue in this matter. *See p. vi, p. 44, and p. 48 of Exhibit "3" attached hereto.*

31. According to the documentation filed with the Securities and Exchange Commission by Ally Master Owner Trust, one of the trust companies that is independent of Ally Financial is the actual owner of the debt.  *See p. 48 of Exhibit "3" attached hereto*.

32. According to the documentation filed with the Securities and Exchange Commission by Ally Master Owner Trust, Ally Financial is the servicing agent for the owner of the debt. *See p. 44 of Exhibit "3" attached hereto*.

33. Plaintiff read *Exhibit 3* and the portion that states that the "Creditor" is "Ally Financial."  Plaintiff was misled to believe, and did believe, that "Ally Financial" was the name of the creditor to whom the debt is owed.  *See Exhibit 2.*

34. Defendant has failed to disclose the name of the creditor at issue in this case.

35. Defendant's violations are material because its failure to disclose the name of the actual owner of the debt at issue in this case would make the unsophisticated consumer believe that she did not have the rights Congress had granted her under the FDCPA.

36. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### First Claim for Relief:
### Violation of the FDCPA

1. The allegations of Paragraphs 1 through 36 of the complaint are realleged and incorporated herewith by references.

3   The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

4   The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

5   The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

6   The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692g.

7   As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

### Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.


Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: john@johnsteinkampandassociates.com

/s/ Andrew Ault
Andrew Ault
Ault Law Office
Attorney for Plaintiff
5214 S. East Street, Suite D2
Indianapolis, IN 46227
Office: (317) 626-9994
Email: andrewaultlaw@gmail.com